XAVIER BECERRA
Attorney General of California
RANDY L. BARROW
Supervising Deputy Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
LINDA L. GANDARA, State Bar No. 194667
Deputy Attorney General
JOHN W. KILLEEN, State Bar No. 258395
Deputy Attorney General
ALI A. KARAOUNI, State Bar No. 260849
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7795
 Fax: (916) 324-8835
 E-mail: Ali.Karaouni@doj.ca.gov
*Attorneys for Defendants Charlton Bonham and
California Attorney General Xavier Becerra*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **APRIL IN PARIS, a California Sole Proprietorship, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**XAVIER BECERRA, in his official capacity as Attorney General of California, and CHARLTON BONHAM, in his official capacity as Director of the California Department of Fish and Wildlife,**<br><br>Defendants. | Case No. 2:19-cv-02471-KJM-CKD<br><br>**STIPULATION AND ORDER REGARDING MOTION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Kimberly J. Mueller<br>Trial Date: None set<br>Action Filed: December 12, 2019 |

Plaintiffs April in Paris, a California Sole Proprietorship, Amtan Louisiana, a Wyoming Limited Liability Company, Brooks Family Alligator Farm II, a Florida Limited Liability Company, Hogwards Carry Goods dba Chester Mox, a California Sole Proprietorship, Bijan Boutiques, LLC dba House of Bijan, a Delaware Limited Liability Company, La Duchesse Ltd, a California Corporation, Larson Leather Company, a Texas Limited Partnership, Louisiana Alligator Farmers & Ranchers Association, a Louisiana Nonprofit Corporation, Magna Leather Corporation, a Texas Corporation, M&D Gator Products Inc., a Florida S-Corporation, Selmint Pty Ltd., a South African Proprietary Limited Company, Defendant Charlton Bonham, in his official capacity as Director of the California Department of Fish and Wildlife, and California Attorney General Xavier Becerra (collectively, Parties), agree to and request that the Court approve the terms of the following stipulation:

WHEREAS, Plaintiffs filed the Complaint. *See* ECF 1.

WHEREAS, Plaintiffs filed the First Amended Complaint. *See* ECF 8.

WHEREAS, Plaintiffs filed a Motion for Temporary Restraining Order and Preliminary Injunction. *See* ECF 13-18.

WHEREAS, the Court directed Defendants to file any opposition to the Motion for Temporary Restraining Order by "close of business on December 20, 2019." *See* ECF 21.

ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED, by and between the Parties, that:

1. To preserve Court and party resources, Defendants agree that this stipulation shall be construed to be a statement of non-opposition to the Motion for Temporary Restraining Order. The Parties agree that Defendants' non-opposition is not, and shall not be construed as, a waiver or concession regarding any issue or argument raised in this case.

2. The Parties further agree that, language in Plaintiffs' proposed orders related to the Temporary Restraining Order notwithstanding, Defendant California Department of Fish and Wildlife may enforce the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of

2

alligator and crocodile dead bodies, or parts or products thereof against activities that are not authorized or otherwise permitted under the Endangered Species Act or its regulations.  For the avoidance of doubt and for purposes of this stipulation only, the parties agree that the importation for commercial purposes, possession with intent to sell, and sale of certain alligator and crocodile dead bodies, or parts or products thereof are at least conditionally authorized or permitted under the Endangered Species Act or its regulations.

3. The Parties further agree that this stipulation applies to all enforcement of the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof undertaken by the Defendants while the Temporary Restraining Order is in effect.

4. The Parties further agree that if there is a dispute among the Parties regarding whether any specific enforcement action is subject to the Temporary Restraining Order issued under this stipulation, the Court shall retain jurisdiction to decide the dispute, notwithstanding any claim of abstention or sovereign immunity.  The Parties agree to confer in good faith about such dispute, and agree to facilitate the prompt determination of any such dispute, including by agreeing to resolution of such dispute on shortened notice.

5. The Parties further agree to, and request that the Court approve, the following briefing schedule for the Motion for Preliminary Injunction:

March 13, 2020: Opposition to Motion for Preliminary Injunction due;

April 10, 2020: Reply in Support of Motion for Preliminary Injunction due;

April 24, 2020, at 10:00 a.m.: Hearing on Motion for Preliminary Injunction

6. The Parties further agree that Defendants' obligation to answer or otherwise respond to the First Amended Complaint shall be stayed until 21 days after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

7. The Parties further agree that all discovery—including but not limited to the initial scheduling conference under Federal Rules of Civil Procedure, Rule 26(f)—shall be stayed until after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

3

8. The Parties further agree that any Temporary Restraining Order shall remain in force until 30 days after any entry of any full or partial denial of Plaintiffs' motions for a preliminary injunction or a final judgment adverse to Plaintiffs, whichever comes first.

9. This stipulation shall not be construed as a waiver or concession regarding any issue or argument. This stipulation and order is the product of mutual drafting and negotiation, such that any ambiguity shall not be construed against any party.

IT IS SO STIPULATED.

Dated: December 20, 2019

CALIFORNIA DEPARTMENT OF JUSTICE
XAVIER BECERRA
Attorney General of California
RANDY L. BARROW
Supervising Deputy Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
LINDA L. GANDARA
Deputy Attorney General
JOHN W. KILLEEN
Deputy Attorney General


*/s/ Ali A. Karaouni*
ALI A. KARAOUNI
Deputy Attorney General
*Attorneys for Defendant California Attorney General Xavier Becerra*

Dated: December 20, 2019                          NOSSAMAN LLP


                                                  /s/ Christopher D. Hughes (signature used by
                                                  permission granted 12/20/19)
                                                  PAUL S. WEILAND
                                                  BENJAMIN Z. RUBIN
                                                  CHRISTOPHER D. HUGHES


Dated: December 20, 2019                          KELLEY DRYE & WARREN LLP


                                                  /s/ David E. Frulla (signature used by
                                                  permission granted 12/20/19)
                                                  DAVID E. FRULLA
                                                  BRET A. SPARKS
                                                  BEZALEL A. STERN
                                                  ELIZABETH C. JOHNSON

                                                  *Attorneys for Plaintiffs*

**ORDER**

Having reviewed the Parties' stipulation, and good cause appearing, it is ordered that:

1. Based on Defendants' non-opposition to Plaintiffs' Motion for Temporary Restraining Order, the Motion for Temporary Restraining Order is GRANTED. Defendants BECERRA and BONHAM, together with their successors, agents, employees, representatives, and other persons under their supervision, are ENJOINED from enforcing California Penal Code Sections 653o and 653r with respect to any dead body, or any part or product thereof, of any crocodile or alligator.

2. Notwithstanding paragraph 1, Defendant California Department of Fish and Wildlife may enforce the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof, during the pendency of the case, against activities that are not authorized or otherwise permitted under the Endangered Species Act or its regulations.

3. This Order applies to all enforcement of the provisions of California Penal Code sections 653o(b)(1) and 653r pertaining to the importation for commercial purposes, possession with intent to sell, or sale of alligator and crocodile dead bodies, or parts or products thereof undertaken by the Defendants while the Temporary Restraining Order is in effect.

4. If there is a dispute among the Parties regarding whether any specific enforcement action is subject to this Temporary Restraining Order, the Court shall retain jurisdiction to decide the dispute, notwithstanding any claim of abstention or sovereign immunity. The Parties shall confer in good faith about such dispute and shall facilitate the prompt determination of any such dispute, including by agreeing to resolution of such dispute on shortened notice.

5. This Temporary Restraining Order shall remain in force until 30 days after any entry of any full or partial denial of Plaintiffs' motions for a preliminary injunction or a final judgment adverse to Plaintiffs, whichever comes first.

6. The Motion for Preliminary Injunction is set for briefing and hearing according to the following schedule:

March 13, 2020: Opposition to Motion for Preliminary Injunction due;

April 10, 2020: Reply in Support of Motion for Preliminary Injunction due;

April 24, 2020, at 10:00 a.m.: Hearing on Motion for Preliminary Injunction

7. Defendants' obligation to answer or otherwise respond to the First Amended Complaint shall be stayed until 21 days after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

8. All discovery—including but not limited to the initial scheduling conference under Federal Rules of Civil Procedure, Rule 26(f)—shall be stayed until after the Court's decision on Plaintiffs' Motion for Preliminary Injunction.

9. Plaintiffs are not required to post a bond.

IT IS SO ORDERED.

DATED: December 22, 2019.

_____
UNITED STATES DISTRICT JUDGE