Rob Bonta, State Bar No. 202668
Attorney General of California
Russell B. Hildreth, State Bar No. 166167
Supervising Deputy Attorney General
Ali A. Karaouni, State Bar No. 260849
Gwynne B. Hunter, State Bar No. 293241
Deputy Attorneys General
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone:  (916) 210-7810
  Fax:  (916) 327-2319
  E-mail:  Gwynne.Hunter@doj.ca.gov

*Attorneys for Defendants California Attorney
General and Director of California Department of
Fish and Wildlife*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **APRIL IN PARIS, et al.,** | 2:19-CV-02471-KJM-CKD |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **ROB BONTA, et al.,** | |
| Defendants. | |
| **LOUISIANA WILDLIFE AND FISHERIES COMMISSION, et al.** | 2:19-CV-02488-KJM-CKD |
| | Date:        March 4, 2022 |
| | Time:        10:00 a.m. |
| Plaintiffs, | Courtroom: 3 |
| | Judge:       The Honorable Kimberly J. Mueller |
| v. | |
| **ROB BONTA, et al.,** | |
| Defendants. | |

1

1

**INTRODUCTION**

2      State defendants Rob Bonta et al. (Defendants) hereby collectively respond to the

3  oppositions to Defendants' cross-motions for summary judgment filed by plaintiffs April in Paris

4  et al. and Louisiana Wildlife and Fisheries Commission et al. (Plaintiffs). Defendants are entitled

5  to summary judgment as a matter of law because the Endangered Species Act (ESA) does not

6  preempt a state ban on intrastate sales of crocodile and alligator parts, and California Penal Code

7  section 653o(b)(1) (Section 653o(b)(1)) imposes an intrastate ban.

8  **I.      THE ESA DOES NOT PREEMPT A STATE BAN ON INTRASTATE SALES**

9      The ESA neither expressly nor impliedly nor implicitly preempts states from regulating

10  commerce within their borders. The ESA does not regulate or even mention purely intrastate

11  activity. *See* 50 C.F.R. § 17.42(a)(2)(ii) and (c)(3). The ESA's Preemption Clause (16 U.S.C. §

12  1535(f)) concerns state laws or regulations applying to importation, exportation, or interstate and

13  foreign commerce, and only preempts those laws that prohibit what is authorized or authorize

14  what is prohibited by the ESA. But the ESA neither authorizes nor prohibits intrastate trade, and

15  thus Section 653o(b)(1)'s ban on such trade does not violate the Preemption Clause, nor does

16  Section 653o(b)(1) pose any obstacle to achieving the purpose or objectives of the ESA.

17      Defendants' cited case law supports the conclusion that the ESA leaves intrastate regulation

18  to the states. *See Art & Antique Dealers League of America, Inc. v. Seggos*, 394 F. Supp. 3d 447,

19  454 (S.D.N.Y. 2019) (*Art & Antique Dealers*) (appeal filed) (plain terms of Preemption Clause

20  "foreclose any notion that state laws regulating only intrastate commerce fall within its scope").

21  In *Art & Antique Dealers*, the court stated that the ESA did not preempt a state ivory law as

22  applied to intrastate commerce in ivory because such bans regulating only intrastate commerce do

23  not "permit what is prohibited" or "prohibit what is authorized." *Id.* The court found that by

24  regulating only intrastate commerce, the law did not prohibit what was authorized by the ESA as

25  to interstate and foreign commerce. *Id.*; *see also id.* ("a purely intrastate sale does not constitute

26  'importation or exportation' or 'interstate or foreign commerce'" and is thus not preempted by the

27  ESA). Plaintiffs attempt to distinguish *Art & Antique Dealers* by arguing that the law in that case

28  "could, by its terms, be confined to intrastate activity." April in Paris Plaintiffs' Opposition to

2

1    Cross-Motion for Summary Judgment and Reply to Motion for Summary Judgment (April

2    Opposition/Reply) at 2:7. But as Defendants have explained (and reiterate in Part II, *infra*),

3    Section 653o can also be read by its terms as being limited to intrastate activity.

4          Plaintiffs' case law cited in support of their position is unavailing. *San Luis & Delta-*

5    *Mendota Water Authority v. Salazar*, 638 F.3d 1163 (9th Cir. 2011) (*San Luis*), involved an

6    interstate regulation that incidentally "ensnare[d] some purely intrastate activity" as part of a

7    "larger scheme." *Id.* at 1175; *see* April Opposition/Reply at 3:24-4:21. Such an interstate

8    regulation is not the same as a law aimed *only* intrastate activity, like the one here. Nor is the

9    injunction issued in *Fouke Co. v. Brown*, 463 F. Supp. 1142 (E.D. Cal. 1979), dispositive. *See*

10   Louisiana Wildlife and Fisheries Commission Opposition/Reply (Louisiana Opposition/Reply) at

11   1:17-22. The court in *Fouke* did not expressly consider whether Section 653o(b)(1) should be

12   interpreted as imposing an intrastate-only ban or whether, if so, such a ban would be permissible

13   under the ESA. The court's decision cannot stand for authority it did not decide. *Powers v. City of*

14   *Richmond*, 10 Cal. 4th 85, 147 (1995) ("Judicial decisions are of course authority for what they

15   actually decide"). Similarly, the holdings in *Man Hing Ivory and Imports, Inc. v. Deukmejian*,

16   702 F. 2d 760, 764-65 (9th Cir. 1983), and *H.J. Justin & Sons, Inc. v. Brown*, 702 F.2d 758, 759

17   (9th Cir. 1983) (per curiam) are not controlling here, as those cases involved between-state sales

18   and "import and export trade"—not wholly intrastate regulation.

19          The legislative history cited by Plaintiffs boils down to an intent to allow states to regulate

20   within their borders, so long as such regulation does not impinge on any specific federal

21   permissions for, or bans on, "importation, exploitation[1] or interstate commerce." April

22   Opposition/Reply at 7:18. That aligns with Defendants' position. Plaintiffs say that the

23   Preemption Clause language ultimately adopted was the "polar opposite" of the language

24   proposed by New York, which was intended "to give fuller effect to state laws" (April

25   Opposition/Reply at 5:14-15). But a closer look at Plaintiffs' cited legislative history shows that

26   is not the case. Rather, the language ultimately settled on was intended to clarify that

27

28          [1] It is possible the report meant to say "exportation" instead of "exploitation."

                                                    3

1   congressional silence did not equate to federal *permission* to sell or trade in certain species. *See*

2   Declaration of Bret Sparks in Support of April Opposition/Reply, ¶ 2, Exh. 1 at 387.

3   **II.    SECTION 653O(B) IMPOSES A BAN ON INTRASTATE SALES**

4        As demonstrated above, an intrastate ban is not disallowed under the ESA. Section 653o

5   can and should be read to harmonize with the ESA. *See People v. Garcia*, 2 Cal. 5th 792, 804

6   (2017) (under the doctrine of constitutional avoidance, a statute should not be construed in a way

7   that violates the Constitution if another construction is possible). Section 653o is "readily

8   susceptible" to being read as an intrastate ban. *See* April Opposition/Reply at 1:18-23.

9        Specifically, Section 653o(b)(1)'s list can be read with the "within the state" modifier at the

10  end of each prohibited activity—just as it modifies the last activity on the list. *See* Defendants'

11  Cross-Motion for Summary Judgment at 9:18-10:8. In other words, Section 653o makes it

12  unlawful to "import into this state for commercial purposes [within the state], to possess with

13  intent to sell [within the state], or to sell within the state" the listed products. *See id*. This

14  construction is workable: Plaintiffs would still be allowed to bring alligator parts into the state

15  and ship, distribute, or sell to an address or buyer located outside of California. *See* Louisiana

16  Opposition/Reply at 2:27-3:11 (posing questions about how such a ban would work). The law

17  logically *should* be read this way; otherwise, it would allow for sales outside the state but not

18  possession of the product with the intention to make those sales. Thus, contrary to Plaintiffs'

19  contentions, this interpretation is consistent with the statute's actual text. *See* April

20  Opposition/Reply at 2:11. At most, Section 653o's language is ambiguous, and therefore should

21  be read in a way to reconcile state law and the ESA, as it is possible to do here.

22                                  **CONCLUSION**

23      For the reasons above, Defendants request the Court grant their cross-motion for summary

24  judgment and deny plaintiffs' motion.

25

26

27

28

1    Dated:  January 24, 2022                    Respectfully submitted,

2                                                ROB BONTA
                                                 Attorney General of California
3                                                RUSSELL B. HILDRETH
                                                 Supervising Deputy Attorney General
4

5

6                                                */s/ Gwynne Hunter*
                                                 GWYNNE HUNTER
                                                 Deputy Attorney General
7                                                *Attorneys for Defendants*
                                                 *California Attorney General and Director*
8                                                *of California Department of Fish and*
                                                 *Wildlife*
9

10   SA2019300987
     35833850.docx
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28